UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S. O'REAR,

                         Plaintiff,

-v-

ARMANDO DIAZ *et al.*,

                         Defendant.

24 Civ. 1669 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

       Plaintiff S. O'Rear, defendant Armando Diaz, and corporate defendants Merkley + Partners Inc. ("Merkley") and Omnicom Group Inc. ("Omnicom") (collectively, "corporate defendants") have raised and briefed a series of discovery disputes. Dkt. 57 ("Pl. First Letter"); Dkt. 61 ("Corp. Def. First Opp."); Dkt. 63 ("Ind. Def. Opp."); Dkt. 61 ("Pl. Second Letter"); Dkt. 65 ("Corp. Def. Second Opp."). The parties also jointly seek an extension of the fact discovery deadline. Dkt. 64. The Court will address the joint request and the disputes in turn.

       First, the Court grants the joint request to extend the fact discovery deadline. *See* Dkt. 64. The deadline to complete fact discovery is extended to December 4, 2024. The parties' proposal to adjourn the case management conference to December 12, 2024 is, however, ill-conceived and reflects ignorance of the Court's Individual Rules. The conference is intended to serve as a pre-motion conference to discuss potential motions for summary judgment. Such conferences are typically held approximately one month after the close of fact discovery, to enable the parties to submit the pre-motion letters and responses required under Rules 2.B and 3.H of the Court's Individual Rules, with which counsel are expected to be familiar. The Court

1

accordingly schedules the next conference for January 8, 2025, at 3 p.m. By separate order, the Court will issue the revised case management plan.

Next, the Court addresses O'Rear's five discovery-related requests—most opposed by Diaz and the corporate defendants.

First, O'Rear asks the Court to expedite ruling on her motion to disqualify corporate defendants' counsel. Pl. First Letter at 2–3. The Court is prioritizing resolution of this motion.

Second, O'Rear moves for an order directing the production of an unredacted version of Omnicom's employment practices liability insurance policy, which allegedly provides Omnicom coverage for O'Rear's claims in this litigation. *Id.* at 3–5. Omnicom produced a redacted version of this insurance policy under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Omnicom responds, *inter alia*, that O'Rear did not meet and confer about this request as required under this Court's Individual Rules. Rule 2.C states that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." The Court expects counsel to read and follow its Individual Rules. The Court thus denies this request without prejudice to O'Rear raising it anew after meeting and conferring with opposing counsel.

Third, O'Rear requests that the Court stay the partial motion to dismiss until the close of discovery. O'Rear's reasons for such a stay are meritless. She argues that defendants "do not have a realistic likelihood of success on their motion" and that defendants "base their motion on a number of factual issues that cannot be resolved absent discovery." Pl. Second Letter at 2. These arguments go to the merits of the motion to dismiss. O'Rear is at liberty to make such arguments in opposing that motion. These arguments do not, however, justify staying that

2

motion. The Court grants, however, O'Rear's alternative request for an extension of the deadline to respond to the motion to dismiss until September 30, 2024.[1]

Fourth, O'Rear requests that corporate defendants file an answer with respect to the Amended Complaint's sexual harassment claims that are not addressed by corporate defendants' partial motion to dismiss. She argues that such answer will result in more targeted discovery requests. Federal Rule of Civil Procedure 12(a)(4), however, provides that service of a Rule 12 motion suspends the movant's time to file a responsive pleading until 14 days after the court issues a decision on the motion. "While Rule 12 does not explicitly contemplate the filing of a partial motion to dismiss . . . it is the majority rule among courts in the Second Circuit that 'the filing of any motion under Ruel 12 postpones a defendant's time to answer.'" *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 343 F. Supp. 3d 94, 98 (E.D.N.Y. 2018) (citing *Dekom v. New York*, No. 12 Civ. 1318 (JS), 2013 WL 3095010, at *4 (E.D.N.Y. June 18, 2023)). "If the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers that would poorly serve judicial economy." *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009). The Court thus denies this request.

Fifth, O'Rear requests that Diaz's motion for judgment on the pleadings be denied as procedurally improper because the pleadings are not technically closed. *See* Fed. R. Civ. P 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). Diaz urges the Court to treat his premature motion for judgment on the pleadings as a motion to dismiss because the standards for these are identical. *See* Wright & Miller, Federal Practice and Procedure § 1368 (3d ed.) ("Because of the similarity between the

---

[1] Corporate defendants consent to such an extension.

3

Rule 12(c) and Rule 12(b) standards, courts typically will construe a premature Rule 12(c) motions as if it were brought under Rule 12(b) and a late Rule 12(b) motion . . . as if it were brought under Rule 12(c)."). The Court agrees, and construes Diaz's premature Rule 12(c) motion as a Rule 12(b) motion. However, O'Rear's concern that this denies her the right to amend once as a matter of course in response to this motion under Federal Rule of Civil Procedure 15(a)(1) is well-taken. Accordingly, the Court gives O'Rear an additional opportunity to amend her complaint but solely for the purpose of responding to Diaz's motion. As such, the current briefing schedule governing the pending motion to dismiss by corporate defendants is unchanged. Any Second Amended Complaint by O'Rear is due September 6, 2024. This deadline will not be extended.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 57, 61, and 64.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 16, 2024
       New York, New York