# Josh Bernstein, P.C.
## Civil Rights & Employment Law

Josh Bernstein, P.C.　　　　　　　　　　　　　　(Phone) (646) 308-1515
447 Broadway, 2nd Fl.　　　　　　　　　　　　　 (Fax)　 (718) 679-9517
New York, NY 10013　　　　　　　　　　　　　　jbernstein@jbernsteinpc.com

September 12, 2024

**RE: Discovery Dispute Concerning Corporate Defendants' Redaction
of Relevant Portions of Employment Practices Liability Insurance Policy and
Total Withholding of General Liability Policy Under Which a Claim was Made**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

*S. O'Rear v. Armando Diaz et. al.*, 24-cv-1669

Judge Engelmayer,

　　　　I represent Plaintiff S. O'Rear ("Ms. O'Rear") in the above-captioned matter, and write pursuant to Local Civil Rule 37.2 and your Honor's Individual Rule 2(C) to raise with the Court that Defendant Omnicom Group Inc. ("Omnicom") has refused to comply with FRCP § 26(a)(1)(A)(iv) by redacting the retention (deductible) in its Employment Practices Liability Insurance policy under which Plaintiff's claims are covered, and that Defendant Merkley + Partners Inc. ("Merkley") has refused entirely to produce a general liability policy that may cover Plaintiff's claims, a policy under which it reported Plaintiff's claims pre-litigation. The parties met and conferred concerning these issues on September 4, 2024, but were unable to resolve the dispute.

### The Employment Practices Liability Policy

　　　　FRCP § 26(a)(1)(A)(iv) requires parties to produce insurance agreements under which an insurance business may be liable to satisfy all or part of a judgment within 14 days of the preliminary conference (which was held on May 7, 2024). The corporate Defendants made initial disclosures, but failed to produce any applicable policies. Instead, Omnicom and Merkley's initial disclosures contained a curious statement that: "Plaintiff's claim will not trigger the threshold applicable to OGI's insurance policies". Annexed hereto as Exhibit 1, ¶ D.
　　　　After raising the issue with opposing counsel, the corporate Defendants eventually produced a copy of the policy redacting the essential information contained therein: the policy limit, and the retention threshold for each claim. Plaintiff of course

1

objected to these impermissible redactions, and the corporate Defendants eventually produced another copy revealing a policy limit of $10,000,000, but continued to redact the retention amount from the document, along with the amount listed in an amendment that states the insured shall have the right to incur up to [redacted] amount in defense costs without the prior written consent of the insurer. Annexed hereto as Exhibit 2, P. 1, 31. The policy also requires the insured to inform the insurer in writing within sixty days of the time defense costs exceed twenty five percent of the applicable retention, at which time the insurer has the right to rescind and replace counsel. Id. ¶ VI(A)(2).

FRCP § 26(a)(1)(A)(iv) does not authorize redactions of the only document that is required to be produced with initial disclosures, and certainly does not authorize redaction of the essential information that is the entire point of requiring production of the policy to begin with! Plaintiff brings high-dollar claims for sexual-assault; it is inconceivable that an employment practices liability policy would have such a high retention it will not be triggered by this suit. This is particularly true given that the policy limit is $10,000,000; it is entirely plausible that Plaintiff will secure a judgement up to the limit or over the limit of this policy, given the strong basis for punitive damages by the corporate Defendants' failure to even suspend an accused rapist from coming into the same office where he sexually assaulted Plaintiff during the pendency of their internal investigation, and then taking no action whatsoever against the perpetrator after the investigation was concluded in Plaintiff's favor.

Plaintiff wrote to the Court to compel unredacted copies of this insurance agreement on July 31, 2024, and the Court held that such application was premature absent a meet-and-confer, which has now been conducted and has been unsuccessful in resolving this issue.

In opposition to Plaintiff's July 31, 2024 application, the corporate Defendants filed an opposition on August 5, 2024, asserting that the limit of liability and retention amount are somehow confidential information, despite that the plain text of the Federal Rules of Civil Procedure explicitly require production. The corporate Defendants complain in their August 5, 2024 letter that complying with FRCP § 26(a)(1)(A)(iv) might somehow influence Plaintiff's litigation strategy to cause the corporate Defendants to incur litigation costs early in the matter to hit the retention and thereafter commence negotiations with the insurance carrier rather than the corporate Defendants' existing counsel.

This argument is itself a red flag, raising serious questions why opposing counsel would seek to deprive their clients of their own insurance coverage. Indeed, the duty to defend: "confers upon the [insurer] the exclusive control over all decisions concerning settlement." *Harris v. Standard Acc. & Ins. Co.,* 191 F. Supp. 538, 540 (S.D.N.Y.), *rev'd on other grounds*, 297 F.2d 627 (1961), *cert denied,* 369 U.S. 843, 82 S.Ct. 875, 7 L.Ed.2d 847 (1962). That opposing counsel – who was involved in this matter when the internal investigation was conducted and the decision to keep the perpetrator on the payroll post-investigation was made – seeks to conceal information requiring reporting to the corporate Defendants' insurer is itself troubling, and a clearly improper basis to overrule the plain text of FRCP § 26(a)(1)(A)(iv).

Regardless, the undersigned will do nothing of the sort, and will continue to zealously pursue this formidable suit that seeks to remedy a terrible injustice regardless of what is revealed in the unredacted insurance policy. The corporate Defendants' are

essentially arguing that they should be allowed to violate FRCP § 26(a)(1)(A)(iv) because it is to their strategic advantage. There is no precedent whatsoever for withholding the information contained within the policy required to be produced, and the corporate Defendants are asking the Court to break new ground and judicially repeal the legislature's command.

### The General Liability Policy

There is at least one more insurance policy that must be produced: a Zurich policy held by Merkley under which Merkley reported Plaintiff's claim pre-litigation. Strangely, after the undersigned issued a demand letter pre-litigation, an insurance adjuster from Zurich reached out directly to the undersigned to query some details about Plaintiff's claim. The undersigned refrained from responding to the adjuster while negotiating with opposing counsel Maureen McLoughlin, who then became apoplectic when the undersigned informed her the adjuster had reached out. Attorney McLoughlin subsequently told the undersigned she had "handled" the insurance adjuster, and the corporate Defendants omitted this policy entirely from their initial disclosures.

FRCP § 26(a)(1)(A)(iv) requires production of any insurance agreement under which an insurance business *may* be liable to satisfy all or part of a possible judgment. Given that Merkley, in fact, reported Plaintiff's claim under this policy, it is impossible that there is such an incontrovertible lack of coverage under the policy that it need not be produced.

Thank you for your attention to this matter.

Per the Court's Individual Rules, the corporate defendants' response letter is due by Tuesday, September 17, 2024.  Reply letters are not invited.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
September 12, 2024

Very truly yours,

/s/
Joshua Alexander Bernstein