UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S. O'REAR,

        Plaintiff,

  -v-

ARMANDO DIAZ ET AL.,

        Defendants.

24 Civ. 1669 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This order resolves discovery disputes relating to the production of insurance policies. Plaintiff S. O'Rear sues her employer Merkley + Partners Inc. ("Merkley"), Merkley's parent company, Omnicom Group Inc. ("Omnicom," and collectively, "corporate defendants"), and Armando Diaz, alleging that that Diaz, Merkley's creative director, sexually assaulted and raped her after a holiday happy hour. She brings claims of sexual harassment and negligent supervision under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and related claims under New York state and city law.

At issue presently are two of the corporate defendants' insurance policies, whose production O'Rear moves to compel under Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Dkt. 70 ("Pl. Letter"). First, although these defendants produced their Employment Practices Liability Insurance Policy ("EPLI Policy"), they redacted the policy's retention deductible, premium amounts, and defense cost limitation terms; O'Rear seeks the policy in unredacted form. Pl. Letter at 1–3. Second, O'Rear seeks a General Liability Insurance Policy ("GL Policy"), Pl. Letter at 3; the corporate defendants resist producing this, representing that the policy does not cover O'Rear's claims. Dkt. 74 ("Corp. Def. Opp."). They separately cross-

1

move for a protective order with respect to these policies "[t]o the extent necessary." Corp. Def. Opp. at 1 n.1.

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating its relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Upon a showing of relevance, the responding party bears the burden to justify curtailing or limiting the discovery. *Id.* Apposite here, Rule 26(a)(1)(A)(iv), states that a party must provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Such disclosure enables counsel "to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26(b)(2) (advisory committee's note to 1970 Amendment). Insurance information is "needed in most cases to prepare for trial or make an informed decision about settlement." Fed. R. Civ. P. 26(a) (advisory committee's note to 1993 Amendment).

***EPLI Policy***: It is undisputed that the EPLI policy covers O'Rear's claims in this litigation. Pl. Letter at 1–3. Merkley and Omnicom contend that producing the EPLI policy in redacted form satisfies Rule 26(a)(1)(A)(iv), and that the redacted financial data is confidential and irrelevant. Corp. Def. Opp. at 1–2. They argue that this data, if produced, "is likely to unfairly influence Plaintiff's litigation strategy and tactics to the Corporate Defendants' detriment." *Id.* at 3.

On this issue, the Court holds with O'Rear and directs the production of the EPLI policy in unredacted form. Rule 26(a)(1)(A)(iv) squarely requires production of the policy, and the

2

balance of the rule does not contain any exception specifically applicable to the categories of redacted information, which are common features of insurance policies. To the extent that defendants therefore seek exclusion "as otherwise stipulated or ordered by the court," Fed. R. Civ. P. 26(a)(1)(A), the corporate defendants have not justified such an order. They argue that sharing such information with O'Rear will "unfairly influence [O'Rear's] litigation strategy," but that argument fails for two reasons. First, it is conclusory. Defendants do not explain why they would be unfairly harmed were O'Rear's counsel to learn, for example, of the monetary point at which financial exposure from a settlement or adverse judgment would shift from them to their insurance carrier, or why the premiums paid, or cost limitations under, the policy would skew plaintiffs' strategy to the defense's detriment. Second, and more important, the advisory committee responsible for Rule 26 specifically recognized the possibility that disclosure of some insurance information could give an opposing party a tactical advantage, yet ordered production of such information regardless. The committee noted the "practical significance" of such information "in the decisions lawyers make about settlement and trial preparation," including as means to promote "settlement and avoid protracted litigation in some cases," while recognizing that in other cases, production of such information "may have an opposite effect." *See* Fed. R. Civ. P. 26(b)(2) (advisory committee's note to 1970 Amendment). As a result, the committee limited the obligatory disclosures "to insurance coverage," as opposed to "other facts concerning defendant's financial status," on the ground that (1) insurance is specifically designed to satisfy litigation claims; (2) the carrier often controls the litigation; (3) insurance information is only available from the defendant or the carrier; and (4) "disclosure does not involve a significant invasion of privacy." *Id.*

3

The cases on which the corporate defendants rely are inapposite. *N.M.S. v. Ramsey*, No. 16 Civ. 499, 2018 U.S. Dist. LEXIS 69504, at *8 (D. Neb. Apr. 25, 2018), recognizes a court's authority to issue an order imposing disclosure limitations on an insurance policy, but the court there ordered the defendant to produce the insurance policies at issue, excluding only non-party riders from disclosure. Such are not at issue here. And *J. Deutsch & Sons Ltd. v. Zamora* and *Bae Sys. Ship Repair v. Puglia Eng'g, Inc.* concern the sealing of filings regarding confidential business information, not the contours of the production of insurance policies to an adversary. *See W.J. Deutsch & Sons Ltd. v. Zamora*, No. 21 Civ. 11003 (LTS), 2022 U.S. Dist. LEXIS 54365, at *9–10 (S.D.N.Y. Mar. 25, 2022) (granting sealing request where "disclosure of this confidential business information would subject [movant] to a competitive disadvantage"); *Bae Sys. Ship Repair v. Puglia Eng'g, Inc.*, No. 17 Civ. 1287 (RJS), 2017 U.S. Dist. LEXIS 233107, at *7–9 (S.D.N.Y. May 2, 2017) (granting request to seal "sensitive and non-public" insurance policy terms). As discussed below, the Court authorizes the defense to designate the EPLI policy as confidential under the protective order the Court has issued in this case. *See* Dkt. 73.

The Court therefore orders production to O'Rear of the EPLI policy in unredacted form.

***GL Policy***: In seeking the GL Policy held by Merkley, O'Rear claims that because Merkley reported the matter to its GL carrier before litigation, "it is impossible that there is such an incontrovertible lack of coverage under the policy that it need not be produced" under Rule 26. Pl. Letter at 3. The corporate defendants, however, represent that the GL carrier has denied coverage under this policy, in terms that indicate that the corporate defendants do not take issue with the carrier's denial of coverage. They therefore argue that the GL policy falls outside the scope of Rule 26. On the premise that the corporate defendants are durably disclaiming any

4

attempt to dispute the carriers' denial of coverage,[1] the Court agrees. The rule requires a party to produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). With the carrier denying coverage and the corporate defendants acceding to that denial, neither apply to the GL Policy. The Court thus denies O'Rear's motion to compel production as to the GL Policy.

***Protective order***: The Court has issued a protective order in this case, which empowers a producing party, *inter alia*, to designate discovery as confidential. *See* Dkt. 73. Merkley and Omnicom cross-move for a protective order to limit disclosure of sensitive insurance information, including the information in the EPLI that they have sought to redact. Corp. Def. Opp. at 1 n.1. The Court agrees that the contents of the corporate defendants' insurance policies are properly designated as confidential under this order. The corporate defendants are at liberty to so designate this information.

## CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part O'Rear's letter motion to compel production of corporate defendants' insurance policies, and authorizes the corporate defendants to designate the insurance policies they produce as confidential under the existing protective order in this case. The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 70 and 74.

---

[1] In the event that the corporate defendants reserve the right to challenge the GL carrier's denial of coverage of O'Rear's claims, these defendants are to so notify the Court and O'Rear immediately.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: October 2, 2024
       New York, New York