# Josh Bernstein, P.C.
## Civil Rights & Employment Law

Josh Bernstein, P.C.  
447 Broadway, 2nd Fl.  
New York, NY 10013

(Phone) (646) 308-1515  
(Fax)    (718) 679-9517  
jbernstein@jbernsteinpc.com

November 12, 2024

**RE: Discovery Dispute**

The Honorable Paul A. Engelmayer  
United States District Judge  
Southern District of New York  
40 Foley Square, Room 2201  
New York, NY 10007

*S. O'Rear v. Armando Diaz et. al.*, **24-cv-1669**

Judge Engelmayer,

I represent Plaintiff S. O'Rear ("Ms. O'Rear") in the above-captioned matter, and write pursuant to your Honor's Individual Rule § 2(C) seeking an Order compelling the Corporate Defendants' production of documents and information germane to this matter. The parties met and conferred on September 26, 2024, and again on November 6, 2024, but were unable to resolve the below issues.

### The Corporate Defendants' Refusal to Provide Contact Information
### For Literally Every Witness They Have Disclosed

The Corporate Defendants have disclosed the names of well-over twenty witnesses in response to Plaintiff's interrogatories and in initial disclosures, but have refused to provide addresses and telephone numbers for any of them. *See* the objections and answers to Plaintiff's Initial Interrogatories of Merkley + Partners Inc. ("Merkley"), annexed hereto as Exhibit 1, e.g. responses to Interrogatory No. 1, 4, 11. This includes a number of individuals who no longer work for any of the Defendants, along with rank-and-file employees, individuals who Plaintiff is entitled to subpoena and who counsel for Plaintiff is permitted to contact. *See* New York Rules of Professional Conduct § 4.2, Comment 7. Such employees are not represented by opposing counsel by virtue of opposing counsel's representation of their employers, and opposing counsel is required to inform these employees that they represent the employer, not them, when meeting and communicating with them. Id. § 1.13(a).

1

### The Corporate Defendants' Limitation of Pattern Evidence to a Miniscule Two-Year Period

Plaintiff's Interrogatory No. 10 to Merkley and Document Request No. 39-40 & 57-58 seek disclosures and documents related to other employees' complaints of sexual harassment and sexual assault over the past decade. Merkley has instead limited its disclosures and production to 2022-2024 (and it is unclear whether that period is from Jan 1-Dec. 31, as this limitation has not been specified in writing). Merkley's Responses and Objections to Plaintiff's Initial Document Requests annexed hereto as Exhibit 2.

It is well-settled that: "Evidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case". *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980); *see also Hollander v. American Cynamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990).

In *Pecile v. Titan Capital Group, LLC*, 119 A.D.3d 446 (1st Dep't 2014) five First Department judges compelled production of sexual harassment complaints from January 2005-July 2014. Courts impose different temporal limitations on such discovery depending on the facts of the case. *See e.g. Abbott v. Memorial Sloan-Kettering Cancer Ctr.*, 276 A.D.2d 432, 433 (1st Dep't 2000) (limiting such discovery in wrongful termination case to other employees terminated within five years of plaintiff's dismissal); *Bujnicki v. Am. Paving & Excavating, Inc.*, 99-CV-0646S, 2004 WL 1071736, 2004 U.S. Dist. LEXIS 8869 *9 (W.D.N.Y. Feb. 25, 2004) (limiting such discovery to two years prior and two years subsequent to plaintiff's employment). The same principles are implicated in discovery of a discrimination plaintiff's mental health records prior to employment. *See Bates v. Delmar Gardens North, Inc.*, No. 4:15-cv-00783, 2016 WL 3543046, 2016 U.S. Dist. LEXIS 84286 * 13 (E.D. Mo. June 29, 2016) (limiting such discovery to five years preceding Plaintiff's employment). The Corporate Defendants have already been provided with Plaintiff's mental health records dating back to March 2021, pursuant to HIPAA releases and subpoenas that contain no temporal limitation.

Ms. O'Rear began working for the Corporate Defendants in February 2022. Amended Complaint ¶ 9 (Docket No. 40). The Corporate Defendants' Executive Director of Human Resources served in that role from 2011-2017, and from 2019-present day. Declaration of Rebecca Green, Docket No. 27, ¶ 3. Rebecca Green was involved in determining what action would be taken against Diaz as a result of Plaintiff's Complaint. Ex. 1, response to Interrogatory No. 3. Alex Gellert, Merkley's CEO and the other Merkley individual involved in the decision-making as to what action – in reality, none – to be taken against Diaz has been running Merkley since 1999. Id.; https://merkleyandpartners.wordpress.com/a-letter-from-merkleypartners-ceo-alex-gellert/. Diaz began working for the corporate Defendants in early 2015.

Plaintiff has alleged that the Corporate Defendants maintain a retrograde workplace typified by heavy drinking and predation of young female employees by senior male management, and that the Corporate Defendants tolerated Armando Diaz's open and notorious sexual harassment for years. Id. P. 1, ¶ 53-55. Plaintiff's requests are tailored to the relevant time-period the decisionmakers responsible for this environment, and for addressing complaints of sexual harassment and sexual assault have been in control, consistent with *Pecile*.

2

## Omnicom Group's Refusal to Produce Pattern Evidence

Plaintiff's Interrogatory No. 10 to Omnicom Group Inc. ("Omnicom") and Document Request No. 39-40 & 57-58 seek disclosures and documents related to other employees' complaints of sexual harassment and sexual assault over the past decade. Omnicom has refused to conduct a search or produce any responsive documents. *See* Ex. 3, Omnicom's Responses and Objections to Plaintiff's Initial Interrogatories and Document Requests.

Omnicom's Code of Business Conduct makes clear that its workplace policies and procedures apply to all subsidiary agencies, and employees of subsidiary agencies can make complaints to their supervisor, the legal department of their agency or network, or to Omnicom's legal department directly. https://www.omnicomgroup.com/wp-content/uploads/2022/06/Omnicom-Code-of-Business-Conduct.pdf, P. 4 ("The Code applies to...."), P. 7 ("seeking guidance and raising concerns"). Omnicom cannot centralize its anti-discrimination policies, reporting, and remediation mechanisms, and then turn around and claim its treatment of sexual harassment and sexual assault complaints at other subsidiary agencies (or at corporate headquarters) are not germane to claims at one those agencies.

Further, the Amended Complaint pleads that Omnicom dominates and controls Merkley, a wholly-owned subsidiary, and that Omnicom uses the law firm of Davis & Gilbert in an externalized HR function to control personnel decisions of it subsidiary agencies, including in this matter. Amended Complaint ¶ 59-73. Omnicom concedes that its in-house counsel provides "counsel" to its subsidiary agencies concerning investigations of some, but not all, employee complaints, and that it provided such "counsel" in connection with Plaintiff's complaint. Declaration of Cara Milligan, Docket Entry No. 26, ¶ 2-6. According to Omnicom, it is the seriousness of Plaintiff's allegations that prompted Merkley's Executive Director of Human Resources to report Plaintiff's allegations to Omnicom, who in turn deployed Davis & Gilbert. Id.

Accordingly, Omnicom must be compelled to produce information and documents related to complaints of sexual harassment and sexual assault. As exemplified in this matter, Omnicom has a pattern and practice of sweeping sexual harassment and sexual assault under the rug, enabling predators by way of a permissive environment ex ante and taking no remedial action ex post. Indeed, Plaintiff has good reason to believe that Omnicom simply moves perpetrators from one agency to another, while claiming to take serious remedial action. Evidence that the parent company is directly involved in similar complaints and takes them less than seriously affects the terms and conditions of employment at wholly-owned subsidiaries, directly contributing to the conditions Plaintiff was subjected to.

There are a number of other discovery issues outstanding that are not yet ripe as the Corporate Defendants intend to finally produce a privilege log on November 18, 2024, and to make supplemental production on other outstanding issues, but the above are basic discovery issues that must be remedied so this case can continue moving forward expeditiously.

Very truly yours,
/s/
Joshua Alexander Bernstein

Per the Court's Individual Rules, the corporate defendants' response letter is due by November 15, 2024. Reply letters are not invited.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 13, 2024