UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S. O'REAR,

                Plaintiff,

-v-

ARMANDO DIAZ ET AL.,

                Defendants.

24 Civ. 1669 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This order resolves discovery disputes relating to the production of sexual harassment and sexual assault complaints.[1] Plaintiff S. O'Rear sues her employer, Merkley, Merkley's parent company, Omnicom, and Merkley's creative director, Armando Diaz, alleging that Diaz sexually assaulted and raped her after a holiday happy hour. She brings claims of sexual harassment and negligent supervision under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and related claims under New York state and city law.

    At issue presently are sexual harassment and sexual assault complaints made by Merkley and Omnicom employees, whose production O'Rear moves to compel under Federal Rules of Civil Procedure 26 and 33. Dkt. 97 ("Pl. Letter"). First, Merkley has produced complaints made against its employees during O'Rear's employment; O'Rear seeks complaints predating her employment, beginning in January 1, 2014. Pl. Letter at 2. Second, O'Rear seeks complaints

---

[1] Because Merkley + Partners Inc. ("Merkley") and Omnicom Group Inc. ("Omnicom," and collectively, "corporate defendants") are "in the process of trying to gather additional contact information to furnish to Plaintiff's counsel, especially for former employees," Dkt. 101 ("Corp. Def. Opp.") at 1, the dispute as to production of witness contact information is moot. The Court directs corporate defendants to promptly provide such information.

1

made by Omnicom employees from January 1, 2014 to the present, Pl. Letter at 3; Omnicom resists producing any such documents, representing that O'Rear's claims at most establish an "alter ego" theory of liability, and thus complaints made by Omnicom employees, much less for the past ten years, are not relevant to her allegations, Corp. Def. Opp. at 3.

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Courts broadly construe relevant to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking discovery bears the burden of demonstrating its relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Upon a showing of relevance, the responding party bears the burden to justify curtailing or limiting the discovery. *Id.*

***Merkley Employees***: It is undisputed that sexual harassment and sexual assault complaints made by Merkley employees are relevant to O'Rear's claims in this litigation. Pl. Letter at 2. Merkley contends that producing its employees' complaints made during O'Rear's employment satisfies Rule 26, and that complaints predating her employment are irrelevant and overly broad. Corp. Def. Opp. at 2–3. Merkley argues that O'Rear has not asserted a "disparate impact" claim or "identified a single female, other than herself, whom was allegedly sexually harassed by Diaz or anyone else," and thus her "failure to allege particularized facts describing the conditions surrounding other women causes her requests for discovery . . . to be unreasonable." *Id.* at 2.

On this issue, the Court agrees with O'Rear that complaints predating her employment could prove relevant to her claims, but limits the time frame of such documents to the two years

before her employment through its end. Courts have often found limiting the production of materials to the two years preceding the start of the plaintiff's employment, particularly in Title VII cases, to be appropriate. *See, e.g., Ri Sau Kuen Chan v. NYU Downtown Hosp.*, No. 3 Civ. 3003, 2004 WL 1886009, at *6 (S.D.N.Y. Aug. 23, 2004) (limiting Title VII plaintiff's discovery request to the two years preceding plaintiff's claims); *Bujnicki v. American Paving & Excavating, Inc.*, 2004 WL 1071736 (W.D.N.Y. Feb.25, 2004) (same). Rule 26 squarely permits production of complaints made by Merkley employees, which are undeniably relevant to O'Rear's claims. However, O'Rear's request for documents dating back to January 1, 2014 is not "reasonably calculated to lead to the discovery of admissible evidence," and is thus overbroad. *E.E.O.C. v. Beauty Enterprises, Inc.*, No. 3:01 Civ. 378, 2008 WL 3359252, at *1 (D. Conn. Aug. 8, 2008) (*citing Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)). The Court therefore orders production to O'Rear of documents related to sexual harassment and sexual assault complaints made by Merkley employees, from the two years predating her employment through the end of her employment.

***Omnicom Employees***: In seeking complaints made by Omnicom employees, O'Rear claims that because Omnicom "control[led] Merkley, a wholly-owned subsidiary," and provided legal counsel to Merkley, Omnicom's materials are relevant to O'Rear's allegations of negligent supervision. Pl. Letter at 3. Omnicom, however, represents that O'Rear's "alter ego" theory concerning its liability is only relevant as to Omnicom's supervision of Diaz, a Merkley employee. Corp. Def. Opp. at 3. Omnicom therefore argues that complaints made by employees of other Omnicom companies, of which there are hundreds, are not relevant as to O'Rear's claims. The Court agrees. O'Rear's claims here relate to Omnicom's supervision of a Merkley employee, and the Amended Complaint does not put forth specific allegations concerning other

3

Omnicom companies other than Merkley. And the compelled production of all complaints made by Omnicom employees, let alone over a 10-year period, would prove unduly burdensome and overbroad. The Court thus denies O'Rear's motion to compel production as to Omnicom's employees.

## CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part O'Rear's letter motion to compel production of complaints made to the corporate defendants. Because this is the Court's second order resolving discovery disputes in this case and O'Rear represented that "[t]here are a number of other discovery issues outstanding that are not yet ripe," Pl. Letter at 3, the Court strongly encourages the parties to meet and confer in good faith concerning any additional discovery disputes to resolve them without judicial assistance.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket 97.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 27, 2024
       New York, New York