UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S. O'REAR,

                              Plaintiff,

        -v-

ARMANDO DIAZ ET AL.,

                              Defendants.

24 Civ. 1669 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a letter from counsel for plaintiff S. O'Rear arguing that defendants Merkley+Partners ("Merkley") and Omnicom Group Inc. ("Omnicom," and together, "Corporate Defendants") wrongly withheld certain documents as privileged, Dkt. 114, and Corporate Defendants' response, Dkt. 118.

The Court denies O'Rear's demand for production of these documents. Based on the description of the documents on Corporate Defendants' privilege log, they are facially privileged. O'Rear does not—and could not—argue to the contrary. O'Rear's argument is that the documents nonetheless may prove relevant to Corporate Defendants' *Faragher/Ellerth* defense to her sexual harassment claims (under Title VII and the New York City Human Rights Law) and that their articulation of that defense waives their privilege.

That argument, however, falters factually. Corporate Defendants represent—and the Court has no reason to discredit their representation—that the documents pertain to subjects other than their investigation and response to O'Rear's claim of sexual harassment: (1) Merkley's investigation into a sexual assault upon O'Rear, a distinct wrong as to which the Court has dismissed O'Rear's claim of corporate liability, *see* Dkt. 103 at 11–16; (2) O'Rear's

application and/or eligibility for short term disability and workers' compensation benefits; and (3) general communications, after receipt of O'Rear's demand letter, about O'Rear's claims and threatened litigation. *See* Dkt. 118 at 1. And the dates of the withheld documents do not suggest otherwise. O'Rear remains free, during the remaining period for fact discovery, to question Merkley about its investigation. *See* Dkt. 118 at 2 (acknowledging this). But without a non-speculative basis to contend that the withheld documents bear on Corporate Defendants' *Faragher/Ellerth* defense to the harassment charges, there is no basis to breach Corporate Defendants' privilege. *See In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) ("The key to a finding of implied waiver . . . is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense.") (emphasis in original); *In re Delphi Corp.*, 276 F.R.D. 81, 87 (S.D.N.Y. 2011) (declining plaintiff's motion to compel, in part because its "general challenge to 'conclusory' language in the privilege log [wa]s insufficient"); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815, 2000 WL 351411, at *5 (S.D.N.Y. Mar. 31, 2000) (finding "general challenge" to the adequacy of claimed privilege insufficient to compel production).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 26, 2025
       New York, New York