# Josh Bernstein, P.C.
## Civil Rights & Employment Law

Josh Bernstein, P.C.  
447 Broadway, 2nd Fl.  
New York, NY 10013

(Phone) (646) 308-1515  
(Fax)    (718) 679-9517  
jbernstein@jbernsteinpc.com

March 3, 2025

**RE: Defendants' Refusal to Produce Noticed Witnesses**

The Honorable Paul A. Engelmayer  
United States District Judge  
Southern District of New York  
40 Foley Square, Room 2201  
New York, NY 10007

*S. O'Rear v. Armando Diaz et. al.*, **24-cv-1669**

Judge Engelmayer,

  I represent Plaintiff S. O'Rear ("Ms. O'Rear") in the above-captioned matter, and write to the Court on an issue I have never encountered in fifteen years of practice, and that the Court simply should not have to deal with: the Defendants are refusing to produce both the Individual Defendant Armando Diaz and current employees at the location noticed for their depositions, insisting that Plaintiff take all depositions at the corporate Defendants' counsel's offices, and refusing to produce current employees on notice rather than via subpoena.

  On February 11, 2025, the undersigned provided Defendants with a list of deponents consisting of Individual Defendant Armando Diaz and current employees of the Corporate Defendants. On February 24, 2025, the Corporate Defendants issued a letter to the undersigned with proposed dates for a number of the witnesses, and offering their counsel's office space to take these depositions, if Plaintiff so desired.

  After confirming with opposing counsel the deposition of current employee Heather Hashizume for tomorrow, March 4, 2025, Individual Defendant Armando Diaz for March 11, 2025, Head of Human Resources Rebecca Green (who conducted the investigation into Plaintiff's complaint) for March 18, 2025, and Chief Executive Officer Alex Gellert (who, along with Rebecca Green and other personnel, decided on what, if any, remedial action to take) for March 20, 2025, the undersigned issued deposition notices for ten witnesses total, inclusive of the aforementioned, nine of which are current employees of the Corporate Defendants, and the other being Individual Defendant Armando Diaz. The depositions are noticed for the office of Veritext Court reporting at 50 Court Street in Brooklyn (Plaintiff is located in Brooklyn and has already taken a day off of work to attend tomorrow's deposition). Notices annexed hereto as Exhibit 1. The

1

Corporate Defendants have not responded to the proposed dates and notices as to the other current-employee party deponents.

Once the notices were issued, the Corporate Defendants' counsel wrote back the same day asking for the depositions to be conducted at their offices, located in Times Square. The undersigned replied that the depositions would be conducted where they have been noticed. The location for tomorrow's deposition has already been confirmed with the court reporter.

At 12:13 P.M. today, counsel for the Corporate Defendants wrote to the undersigned stating that they will refuse to produce Heather Hashizume at the location noticed, and will only produce her tomorrow for her deposition if it is at their offices. Ironically, counsel for the Corporate Defendants previously wrote to the undersigned stating that if the deposition of Heather Hashizume is to take place somewhere other than at their offices, it will not be a continuation of the Individual Defendants' deposition of Ms. Hashizume (which was conducted at Corporate Defendants' counsel's offices), and accordingly Plaintiff will have to subpoena the deposition and expend 1/10 of their depositions. Plaintiff has now so-noticed the deposition, but the Corporate Defendants are still refusing to produce Ms. Hashizume at the location noticed.

Further, the Corporate Defendants have taken the bizarre position that their current employees are somehow not party witnesses, cannot be deposed on notice, and instead must be subpoenaed with travel and attendance fees. The Corporate Defendants are also taking the position that Plaintiff is somehow compelled to issue 30(b)(6) notices to Rebecca Green (Head of HR) and Alex Gellert (CEO). Counsel for the Individual Defendant Armando Diaz has likewise taken the position that Mr. Diaz will only appear for a deposition at the offices of the Corporate Defendants' counsel, or in New Jersey, where he lives.

Accordingly, Plaintiff respectfully requests that the Court direct the Defendants to produce the witnesses noticed for depositions by Plaintiff at the location noticed. The Veritext offices in downtown Brooklyn are substantially closer to the courthouse than the Corporate Defendants' counsel's offices – less than two miles from the courthouse – and Plaintiff is located in Brooklyn and will be attending depositions in this matter. The undersigned would take these depositions at his offices in lower Manhattan, but the soundproofing on the conference rooms in said office is insufficient, particularly in a sensitive case such as this. The undersigned would be willing to take depositions on the neutral ground of the courthouse itself, but should not and cannot be forced to take depositions on the home turf of Corporate Defendants' counsel's office.

Further, Plaintiff respectfully requests that the Court direct the Defendants to produce the noticed witnesses on notice, rather than via subpoena. The refusal of the Corporate Defendants' counsel to produce witnesses anywhere but their offices because it is more convenient for them is not a legitimate basis to refuse to produce duly-noticed witnesses, and the Defendants have not moved to quash the notices, or to terminate or limit the depositions pursuant to FRCP § 30(d). Plaintiff cannot and should not be compelled to pay attendance and travel fees to current employees of the Corporate Defendants who are clearly party witnesses.

Moreover, Plaintiff cannot be compelled to issue 30(b)(6) notices to party fact witnesses. If Plaintiff decides to issue a 30(b)(6) notice, then the Corporate Defendants must produce witnesses who can opine on the subject matter designated. And if Plaintiff

chooses not to do so, it is on Plaintiff if a witness lacks the knowledge to answer questions on a subject matter that could be subject to a 30(b)(6) notice. But Plaintiff is clearly not required to issue 30(b)(6) notices to core party witnesses, which appears to be a sharp tactic by the Corporate Defendants' counsel to force Plaintiff to disclose what these witnesses will be asked about so they can prepare their witnesses accordingly.

Thank you for your attention to this matter.

Very truly yours,

/s/
Joshua Alexander Bernstein

Defendants' reply is due March 6, 2025.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

March 4, 2025
New York, New York

3