

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019
212 468 4800
dglaw.com

Angela Dunay
d 212 468 4800
adunay@dglaw.com

March 4, 2025

**Via ECF**

Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
40 Foley Square, Room 2201
New York, NY 10007

      Re: *S. O'Rear v. Diaz, et al.,* Case No. 1:24-cv-01669 (PAE)

Dear Judge Engelmayer:

      Pursuant to Section 2(C) of Your Honor's Individual Practices, Davis+Gilbert LLP writes on behalf of defendants Merkley+Partners, Inc. ("Merkley") and Omnicom Group Inc., together ("Corporate Defendants") to request respectfully that the Court: (1) compel Plaintiff's counsel, Joshua Bernstein, Esq., to produce documents in his possession, including communications and draft affidavits, that he exchanged with a former Merkley employee, Shayna Riggins;[1] (2) permit Ms. Riggins to produce documents in her possession, including draft affidavits, that she identified as communications with Mr. Bernstein, but which Mr. Bernstein instructed her not to produce; (3) permit counsel for Corporate Defendants to question Ms. Riggins about these communications and drafts, as well as the telephone conversations that she testified she had with Mr. Bernstein; and (4) allocate court reporter costs and attorney time required to continue her deposition in order to ask her questions about her communications with Mr. Bernstein, which he instructed her not to answer when she was deposed on February 25, 2025.

      On December 7, 2024, Ms. Riggins signed an affidavit ("Affidavit"), which Plaintiff waited one month, until January 7, 2025, to produce to Defendants. (Declaration of Angela M. Dunay, Esq. ("Decl. Dunay"), Exh. A.).[2] On January 10, 2025, counsel for Corporate Defendants contacted Mr. Bernstein about deposing Ms. Riggins and asked him whether he represented her. Mr. Bernstein did not respond., causing counsel for Corporate Defendants to contact him two more times in January, and a fourth time on February 7, 2025, about Ms. Riggins. On February 7th, Plaintiff's counsel finally responded stating that he does not currently represent her, and that he was unavailable on the date proposed for her deposition. He offered no alternative date(s).

      Three days later, Corporate Defendants requested Plaintiff to produce all communications between Ms. Riggins and Plaintiff or Plaintiff's counsel as those communications are responsive

---

[1] Ms. Riggins is not represented by an attorney.

[2] In the period of time between Plaintiff's counsel receiving the Affidavit, which counsel for the Corporate Defendants provided to the Court, via email, on February 25, 2025, and Plaintiff's counsel providing it to counsel for all Defendants, Tatiana Gianacopoulous, also a former Merkley employee, was deposed (on December 11, 2024) by counsel for the Corporate Defendants.



to Request No. 7 of Merkley's First Request for Production of Documents, which Merkley served on June 13, 2024 ("RFP"). (*See* Dunay Decl., Exh. B.) Mr. Bernstein did not respond. On February 13, 2025, Corporate Defendants caused Ms. Riggins to be personally served with a subpoena. (*See id.*, Exh. C.) Plaintiff's counsel did not object, nor did he seek a protective order. Nor did Plaintiff object to Request 7 of the RFP on privilege grounds; nor disclose the existence of any allegedly privileged communications with Ms. Riggins, or any other former Merkley employee, including Ms. Gianacopoulous, with whom her attorney had communicated.

On February 25, 2025, counsel for Corporate Defendants deposed Ms. Riggins. At the deposition, and for the first time, Plaintiff's counsel objected to her producing emails and draft affidavits that she had exchanged with him, instructed her not to hand them over, and instructed her not to answer questions about her conversations with him, citing attorney work product privilege. During the deposition, Plaintiff's counsel contacted the Court seeking a ruling on this privilege issue. Ms. Riggins, who is copied on this letter, has never stated an objection, a concern, or any unwillingness to produce the documents or answer the questions.[3]

### Communications between Ms. Riggins and Plaintiff's Counsel are Not Protected from Disclosure by the Work Product Doctrine, and/or the Privilege Has Been Waived

The written communications by and between Plaintiff's counsel and Ms. Riggins (and related verbal communications) are not protected by the work product doctrine because (1) any communications between them after she signed the Affidavit, are not work product; (2) any communications regarding "logistics" are not work product; and (3) any work product privilege that otherwise may have applied has been waived. *See City of Almaty v. Ablyazoc*, 2019 U.S. Dist. LEXIS 111607, at *17 ("[T]he party asserting . . . work product protections has the burden of establishing that there has been no waiver."); *Comprehensive Habilitation Servs. v. Commerce Funding Corp.*, 240 F.R.D. 78, 85 (S.D.N.Y. 2006) ("[A]ny protection that is afforded by the work product doctrine may be waived, and the party claiming protection has the burden of establishing that the protection has not been waived.").

Plaintiff did not serve a privilege log after responding to the RFP on September 22, 2024.[4] Nor was a privilege log served after the Affidavit was produced in January 2025, or after the subpoena was served in February 2025. Nor was a log produced in advance of Ms. Riggins's deposition scheduled for February 25, 2025, despite Plaintiff's counsel being on notice of the deposition for nearly two months. Her testimony confirmed that Plaintiff's counsel had communicated with her, by telephone and email, and after affidavits were exchanged. These communications are clearly discoverable. Ms. Riggins does not share a common interest with Plaintiff, and Mr. Bernstein is not her attorney. Nor did Plaintiff's counsel have a reasonable

---

[3] During the February 25th call, the Court instructed Plaintiff's counsel to produce a privilege log, *see* Dunay Decl., Exh. D. After the call, Corporate Defendants' counsel posed questions to Ms. Riggins about her communications with Plaintiff's counsel on the record and Plaintiff's counsel stated his objections and instructed her not to answer.

[4] We now know that Ms. Gianacopoulous had, at a minimum, spoken with Plaintiff's counsel on May 15, 2024, we do not know if any written communications exist.



expectation of privacy in their communications given that she did not sign a confidentiality agreement and she did not recall whether he even asked her to keep their conversations confidential. *See Ablyazov*, 2019 U.S. Dist. LEXIS at *25.

Further, any privilege as to the documents and communications at issue has been waived because (1) Plaintiff produced the Affidavit; (2) Plaintiff's counsel delayed in disclosing his communications with the witness; (3) Plaintiff's response to Request No. 7 of the RFP did not include a privilege objection; and (4) Plaintiff's counsel did not instruct Ms. Gianacopoulous not to answer questions about her communications with him, before she retained him as counsel. *See Ablyazov*, 2019 U.S. Dist. LEXIS at *27; *SEC v. Gupta*, 281 F.R.D. 171 (S.D.N.Y. 2012) ("In this Circuit, the privilege is waived where there is 'deliberate, affirmative, and selective use of privileged work-product materials by a party."); *see also Krys v. Sugrue*, 2012 U.S. Dist. LEXIS 27480, at *22 (S.D.N.Y. Feb. 27, 2012).[5]

Finally, Ms. Riggins' deposition testimony demonstrates Defendants' substantial need to review the withheld documents possessed by Plaintiff's counsel and Ms. Riggins, and to cross examine her about what she and Mr. Bernstein discussed. Ms. Riggins testified that *her conversation with Mr. Bernstein*, as well as her reflections on her career, was what prompted her to include in her Affidavit that Diaz had indeed made inappropriate comments, even though she had previously told Merkley's Director of Human Resources that she could not recall Diaz making any inappropriate comments about women. Consequently, there is clearly a substantial need by counsel for Defendants to explore the substance of her communications with Mr. Bernstein including, but not limited to, what she was asked to include, but ultimately declined to include, in her Affidavit. *See Ablyazoc*, 2019 U.S. Dist. LEXIS at *17; *Gupta*, 281 F.R.D. at 173 ("The ability of a party to meet with a non-party witness, show him documents and ask him questions, and then mask the entire preparation session in the cloak of work product protection would serve to facilitate even the most blatant coaching of a witness if it could not be the subject of inquiry.")

Respectfully submitted,

Angela Dunay, Esq.

cc: Counsel of Record, by ECF, Shayna. Riggins, by email

Plaintiff's reply is due March 7, 2025.
SO ORDERED.

*Paul A. Engelmayer*

March 4, 2025
New York, New York

PAUL A. ENGELMAYER
United States District Judge

---

[5] Ms. Gianacopoulous testified that she spoke to Mr. Bernstein on May 15, 2024, approximately three months after the Complaint was filed, and she described what they discussed. She later retained him to represent her at her deposition. To the extent any written communications exist by and between Ms. Gianacopoulous and Mr. Bernstein exist, Plaintiff should be instructed to amend her privilege log to describe them and produce them if doing so would be consistent with the Court's ruling on the present motion.