UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S. O'REAR,

                                    Plaintiff,                    24 Civ. 1669 (PAE)

                        -v-
                                                                 ORDER
ARMANDO DIAZ *et al.*,

                                    Defendants.

PAUL A. ENGELMAYER, District Judge:

    This decision resolves a discovery dispute relating to documents and communications
that a party's counsel exchanged with a third-party witness. Defendants Merkley+Partners, Inc.
("Merkley") and Omnicom Group Inc. ("Omnicom" and together, "Corporate Defendants")
move for an order compelling counsel for plaintiff S. O'Rear and Shayna Riggins, a former
Merkley employee, to produce documents and communications they exchanged in advance of
Riggins' deposition on February 25, 2025. Dkt. 121. Corporate Defendants also seek
authorization to put questions about these topics to Riggins at a continued deposition. At
Riggins's February 25 deposition, plaintiff's counsel instructed her not to answer such questions.
*Id.*

    The Court grants Corporate Defendants' requests for production of these documents and
Riggins's related testimony. The Court directs that out-of-pockets costs incurred in connection
with Riggins's continued deposition (*e.g.*, court reporter costs and witness travel expenses) be
borne by plaintiff. The basis for this ruling, as explained below, is that plaintiff's counsel did not
have a proper basis to withhold these documents or to object to the testimony at issue. Based
on Riggins's sworn declaration, Dkt. 122, Ex. A, and the description of the documents on

1

O'Rear's privilege log, *id.*, Ex. D ("Priv. Log"), these documents and communications are not covered by the attorney-client (or any other recognized) privilege, and O'Rear does not contend otherwise. And although O'Rear's counsel argues that these reflect attorney work product, Dkt. 129 ("Pl. Letter") at 1, O'Rear's claim of non-waived work product protection as to these materials and testimony, on the facts here, is wrong.

"[T]o be protected as work product, the materials must be (1) documents or tangible things, (2) that were prepared in anticipation of litigation, and (3) were prepared by or for a party, or by or for his representative." *Tech. Ins. Co., Inc. v. Philadelphia Indem. Ins. Co.*, No. 21 Civ. 7387, 2022 WL 624556, at *2 (S.D.N.Y. Mar. 3, 2022) (citation omitted). The party asserting work product protection bears the burden of establishing its elements, specifically, that the materials sought were "prepared principally or exclusively to assist in anticipated or ongoing litigation." *In re Initial Pub. Offering Sec. Litig.*, 220 F.R.D. 30, 34 (S.D.N.Y. 2003) (quoting *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473–74 (2d Cir. 1996)). Importantly, "the work product protection is a qualified protection; it is not absolute"; it "can be overcome by a showing that the party seeking discovery (1) has substantial need of the materials, and (2) that the party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means." *Id.* (citation omitted); *see Colon v. City of New York*, No. 12 Civ. 9205, 2014 WL 3605543, at *2 (S.D.N.Y. July 8, 2014) (collecting cases and compelling production of document protected by the work product doctrine because defendants demonstrated a "substantial need" for the materials, namely, to impeach a witness in the case).

Here, the documents and communications exchanged between O'Rear's counsel and Riggins are not entitled to any work product protection; and if any work product protection did apply to these materials, it was waived. At the outset, at least two documents on O'Rear's

privilege log solely concern logistics and cannot constitute attorney work product. *See* Priv. Log, Entries 7–8 ("Subject Matter: Logistics re: 2/25/2025 deposition"). And testimony about Riggins's communications with O'Rear's counsel categorically does not qualify as "documents or tangible things" and thus is similarly not protected as attorney work product.

As to the remaining documents, O'Rear has not demonstrated that these communications reveal privileged attorney thought processes. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."). The documents at issue instead involve communications between O'Rear's counsel and Riggins regarding Riggins's factual affidavit and drafts thereof. O'Rear has failed to demonstrate that these materials contain the legal analysis protected by the work product doctrine. Instead, these materials appear to capture exchanges with fact witness Riggins concerning the underlying facts: to wit, concerning Riggins's tenure at Merkley and her interactions with defendant Armando Diaz. That information of a third party is not shielded from discovery merely because it was conveyed or discussed in communications with a party's counsel. *See In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) ("The privilege does not protect a client's knowledge of relevant facts, whether acquired from counsel or from independent sources."). "Just as the attorney-client privilege cannot be used as a shield and sword, neither can a work product document, especially one that does not include an attorney's impression, opinions, or strategies." *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 142 (N.D.N.Y. 2007); *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 341 (S.D.N.Y. 2011) (collecting cases).

Even if the attorney work product privilege applied to such material, O'Rear waived such protection. She did so in two ways: by (1) failing to include these materials on her privilege log to preserve her privilege objection, *Ceglia v. Zuckerberg*, No. 10 Civ. 569, 2012 WL 3527930, at *2 (W.D.N.Y. Aug. 15, 2012) (collecting cases), and (2) "voluntarily disclosing otherwise protected information to a third party," *City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2019 WL 2865102, at *6 (S.D.N.Y. July 3, 2019). And even if this were not so, the Corporate Defendants have demonstrated a substantial need for these materials and an inability to obtain their equivalent through other means. *See* Dkt. 121 ("Corp. Defs. Letter") at 3 (discussing the defense's need to review documents shedding light on Riggins's factual affidavit to prepare for the examination of Riggins). That justifies disclosure under Fed. R. Civ. P. 26(b)(3)(A)(ii). *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (noting that where documents contain purely factual material, discovery may be permitted upon a showing of necessity); *Colon*, 2014 WL 3605543, at *2.

Accordingly, the Court finds that the documents are not protected under the work product doctrine and must be disclosed and that O'Rear does not have a basis to resist questioning of Riggins as to her communications with plaintiff's counsel. O'Rear's counsel shall bear the out-of-pocket costs (*e.g.*, court reporter costs and witness travel expenses) associated with further deposing Riggins.[1]

This decision resolves the parties' most recent discovery dispute. The Court expects that counsel will not have any further occasion to call upon the Court to resolve discovery disputes.

---

[1] For avoidance of doubt, this order does not require O'Rear to reimburse the defense for legal fees associated with the continued deposition.

4

SO ORDERED.

Paul A. Engelmayer
_____
Paul A. Engelmayer
United States District Judge

Dated: March 11, 2025
       New York, New York